57 CCPA

The **UNITED STATES**, Appellant,

v.

**CASTELAZO & ASSOCIATES** a/c Stonewall Trading Company, Appellee.

Customs Appeal No. 5329.

United States Court of Customs and Patent Appeals.

Nov. 20, 1969.

William D. Ruckelshaus, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs

Section, Brian S. Goldstein, Edwin L. Weisl, Jr., New York City, for the United States.

Stein & Shostak, Los Angeles, Cal., for appellee; S. Richard Shostak, Leonard M. Fertman, Los Angeles, Cal., of counsel.

Before RICH, Acting Chief Judge, JONES, Judge, sitting by designation, ALMOND, BALDWIN and LANE, Judges.

LANE, Judge.

The United States appeals from the decision and judgment of the United States Customs Court, First Division, 60 Cust.Ct. 649, C.D. 3486 (1968), sustaining the protest of appellee- importer and holding the involved merchandise, consisting of footwear, dutiable under paragraph 1537(b) of the Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877, at the rate of 12½ per centum ad valorem as footwear in chief value of india rubber. Appellant contends that the correct classification was that used by the collector, i. e. paragraph 1530(e) of the Tariff Act of 1930 as modified by T.D. 53865 and T.D. 53877, at the rate of 20 per centum ad valorem as footwear "the uppers of which are composed wholly or in chief value of wool, cotton, ramie, animal hair, fiber * * * with soles wholly or in chief value of india rubber or substitutes for rubber."

The merchandise is described as Style #845 ballerina slippers with fur trim, soft vinyl uppers and rubber soles. The sample slipper, marked plaintiff's exhibit 1, comprises a lined white rubber sole having sewn thereto a black vinyl upper on which a white vinyl button trimmed with white animal fur is cemented as an ornament. The parties have stipulated that plaintiff's exhibit 1, with the exception of that part of it which is fur or animal hair, is in chief value of rubber.

The importation documents, which were offered and received in evidence without objection from the Government, indicate that the fur is of less value than either the rubber of the sole or the vinyl of the upper. The importer, however, does not rely here and did not rely below upon the values shown by these documents to prove the incorrectness of the collector's classification. He contends instead that the fur button is not part of the upper at all and therefore cannot be the material of chief value in the upper.

The Government contends that a shoe or slipper has only two parts, the sole and the upper, and since the fur button is not part of the sole, it must be part of the upper. The Government relies upon the holding in United States v. North American Mercantile Co., 17 CCPA 378, T.D. 43820 (1930). In that case the court found that the intent of Congress in the Tariff Act of 1922 was to define "upper" as including all of the shoe except the sole; the court then held that cotton thongs *were* the uppers of the particular merchandise in question. It must be noted that the cotton thongs functioned as uppers, i. e. holding the shoes on the wearer's feet. The same may be said of United States v. Shokai, 14 Ct. Cust.App. 392, T.D. 42033 (1927), where straps of a fabric-type material held the shoes on the feet.

The importer relies upon Pitt & Scott v. United States, 55 Treas.Dec. 798, T.D. 43408 (1929). There the Customs Court held that purely ornamental buckles were not parts of the uppers of shoes where they did not contribute utility to the uppers.

The court below followed *Pitt & Scott* and ruled that the fur-trimmed buttons, having only ornamental value, were not parts of the uppers for tariff purposes. We agree.

We believe the correct interpretation of the *North American Mercantile* and *Shokai* cases, supra, is that an item of footwear has two functional parts, the sole and the upper. It would be unduly

straining the meaning of the words of the Tariff Act to expand *North American Mercantile* and *Shokai* to cover cases where mere ornaments are attached to the footwear. The *Pitt & Scott* case represents a more rational approach. There is no reason why a shoe must be considered to have only two parts when we see three or more distinct members therein. The fact that a shoe might have only two functional parts does not compel a conclusion that everything in or on the shoe is a component of one of the functional parts.

For the foregoing reasons, the decision and judgment of the Customs Court are affirmed.

Affirmed.